ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **MUÑEKI I APARTMENTS y OTROS**<br><br>Recurridos<br><br>v.<br><br>**TRIPLE-S PROPIEDAD, INC.**<br><br>Peticionario | KLCE202201364<br><br><br><br><br><br><br><br><br><br>consolidado con | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Aguadilla**<br><br>Civil Núm.: **AG2019CV01234**<br><br>Sobre: Incumplimiento de Contrato de Seguros y Daños y Perjuicios |
| **MUÑEKI II APARTMENTS y OTROS**<br><br>Recurridos<br><br>v.<br><br>**TRIPLE-S PROPIEDAD, INC.**<br><br>Peticionario | KLCE202201366<br><br><br><br>consolidado con | Civil Núm.: **AG2019CV01235** |
| **MUÑEKI II APARTMENTS y OTROS**<br><br>Recurridos<br><br>v.<br><br>**TRIPLE-S PROPIEDAD, INC.**<br><br>Peticionario | KLCE202300076<br><br><br><br>consolidado con | Civil Núm.: **AG2019CV01235** |
| **MUÑEKI I APARTMENTS y OTROS**<br><br>Recurridos<br><br>v.<br><br>**TRIPLE-S PROPIEDAD, INC.**<br><br>Peticionario | KLCE202300077 | Civil Núm.: **AG2019CV01234**<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Cintrón Cintrón, Jueza Ponente.

Número Identificador

SEN2023 _____

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

En los casos consolidados de referencia, Triple-S Propiedad, Inc. (Triple-S o peticionaria) impugna varias órdenes emitidas el 17 de noviembre de 2022 y el 28 de diciembre de 2022, respectivamente, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). Mediante las primeras, el foro primario determinó excluir dos (2) informes periciales y el testimonio de ambos peritos notificados por Triple-S. A través de las segundas, el TPI no autorizó la inclusión de cierto testigo de Triple-S en el juicio en su fondo, por haberlo presentado a pocos días para que finalizara el término de descubrimiento de prueba establecido.

Por los fundamentos que expresamos a continuación, se *expiden* los autos de *certiorari* y se *revocan* las órdenes objetadas.

**I.**

El 19 de septiembre de 2019, Muñeki Apartments I, Muñeki Associates, S.E. (Muñeki Associates), Almonet Aguadilla, LLC., y Albors Properties Corporation (en conjunto, Muñeki I); así como Muñeki Apartments II, Lorelei Associates, L.P., Albors Development Corporation, (en conjunto, Muñeki II); Attenure Holdings Trust 11 (Attenure) y HRH Property Holdings, LLC (HRH) (en conjunto, parte recurrida o recurridas) incoaron dos (2) demandas enmendadas[1] en contra de Triple-S sobre incumplimiento de contrato, dolo y mala fe en la ejecución de contrato, y daños. Estas se relacionan a los daños causados en sus propiedades tras el paso del Huracán María.

En apretada síntesis, los demandantes adujeron que Triple-S no manejó adecuadamente el proceso de reclamación de daños, de conformidad con las pólizas de seguro aplicables y que ésta se negó

---

[1] Las demandas originales fueron entabladas, el 5 de septiembre de 2019. Estas surgen de dos (2) casos presentados separadamente, a saber, AG2019CV01234 y AG2019CV01235.

a pagarles los beneficios a los cuales tenían derecho. A través de sus respectivas demandas, requirieron al foro primario que: 1) emitiera una sentencia declaratoria, la cual estableciera que las pólizas de seguro concernidas cubrían todos los daños que el Huracán María ocasionó a las propiedades aseguradas, así como el pago de la cantidad por concepto de seguro a ser probada en el juicio; 2) condenara a la aseguradora a pagarles cualquier otro daño como consecuencia de sus actuaciones y omisiones por una cantidad a ser probada en el juicio; 3) les otorgara honorarios de abogados y gastos incurridos por presentar los casos, al igual que intereses pre sentencia, también por el dolo de Triple-S y su temeridad, al no ajustar, ni pagar oportunamente la pérdida de Muñeki I y Muñeki II; y 4) les concediera algún otro remedio que entendiera justo y apropiado.

Triple-S contestó las demandas oportunamente. En esencia, expuso que los daños alegados eran excesivos, especulativos e infundados. Añadió que estos fueron estimados en omisión de información y prueba de apoyo y en contra de las disposiciones al Código de Seguros de Puerto Rico y su jurisprudencia aplicable. La aseguradora adujo que Muñeki I y Muñeki II cedieron indebidamente sus derechos bajo la póliza concernida a Attenure y HRH sin su consentimiento expreso. Además, alegó que Muñeki I y Muñeki II incumplieron con su obligación como asegurados. Acentuó que, como parte de esas obligaciones, estaba cooperar con la aseguradora en la investigación de la reclamación y presentar documentación sobre los daños reclamados. Arguyó que esto nunca ocurrió. Discutió que siempre actuó de manera diligente y de conformidad con las normas de la industria de seguros.

En lo pertinente al caso de autos, en diciembre de 2021, **el Tribunal concedió a las partes hasta el 30 de abril de 2022 para rendir los informes periciales correspondientes**. Requirió el

cumplimiento con los términos para el descubrimiento de prueba y advirtió que fuera de las fechas establecidas no se permitiría descubrimiento de prueba adicional.[2]

Tras varios trámites, las partes solicitaron al Tribunal, mediante moción conjunta, la extensión del término sobre el descubrimiento de prueba hasta marzo de 2023, lo cual fue denegado. Sin embargo, en octubre de 2022, **el TPI autorizó una extensión hasta el 30 de noviembre de 2022. Apuntaló que esa sería la fecha límite para culminar el descubrimiento de prueba y enfatizó que no concedería ninguna prórroga adicional.** A su vez, el juzgador de los hechos apercibió a los representantes legales de las partes que el incumplimiento con dicha orden podría conllevar sanciones, conforme la Regla 37.7 de Procedimiento Civil.[3] Triple-S notificó los informes periciales el 10 de noviembre de 2022.

**A continuación, un resumen de los hechos pertinentes en relación con los recursos KLCE202201364 y KLCE202201366:**

Tras varios incidentes procesales, el 16 de noviembre de 2022, Muñeki I, Muñeki II, Attenure y HRH solicitaron al foro primario la eliminación y prohibición de la prueba pericial anunciada por Triple-S el 10 de noviembre de 2022. Alegaron que Triple-S les notificó, por primera vez, dos (2) informes periciales (con fechas de 18 de marzo de 2022 y 1 de febrero de 2022), respectivamente, **a pesar de que el TPI le concedió hasta el 30 de abril de 2022** para dicha encomienda. Añadieron que la aseguradora podía haber cumplido con la notificación de los informes para la fecha límite impuesta por el foro primario. Ante ello, intimaron al TPI que prohibiera la utilización de dicha prueba y que también se excluyeran los

---

[2] Apéndice del recurso KLCE20221364, págs. 44-46.
[3] Esta orden se notificó a los abogados de las partes, así como a las partes a sus respectivas direcciones que surgían del expediente. Apéndice del recurso KLCE20221364, págs. 30-31.

testimonios periciales del Sr. Brandon Alaniz y del ingeniero Terry Taylor en el juicio en su fondo.

Triple-S se opuso a las aludidas mociones. Razonó que la pendencia de la entrega de los informes periciales pasó inadvertida para ambas partes, pero que una vez se le requirió la entrega de estos retomó inmediatamente las labores dirigidas a cumplir con lo solicitado. Resaltó que en ningún momento se negó a producir los informes. Esbozó que estos se entregaron dentro del término de descubrimiento de prueba que vencía el 30 de noviembre de 2022. Añadió que la fecha de entrega de los informes no constituyó un perjuicio indebido para Muñeki I, Muñeki II y otros, toda vez que el descubrimiento de prueba aún no había terminado y las partes podían tomar deposiciones a los peritos. Adujo que la entrega de los referidos informes no ocasionó un cambio sustancial en la naturaleza del caso porque se trataba de la misma prueba previamente anunciada. Expuso que tampoco obligó a los demandantes a incurrir en nuevos gastos. Argumentó que estos no comparecieron ante el TPI para solicitar la entrega de los informes concernidos. Enfatizó que no incurrió en un patrón de incumplimiento con las órdenes del tribunal. Asimismo, alegó que la eliminación de prueba era una sanción severa que solo se justificaba cuando existían incumplimientos reiterados y las sanciones menos severas en contra de la parte que incumple no resultaran efectivas. En suma, solicitó al foro primario que declarara *No Ha Lugar* las mociones presentadas por Muñeki I, Muñeki II y otros.

Evaluadas ambas posturas, mediante *Orden* del 17 de noviembre de 2022, el foro primario expresó lo siguiente:

> **En la vista del 20 de diciembre de 2021 el Tribunal concedió a las partes hasta el día 30 de abril de 2022 para notificar los informes periciales, lo que no cumplió la parte demandada, hasta aproximadamente once meses más tarde de la Orden**

**emitida y seis meses más tarde de la fecha final concedida**. La dilación no justificada, causaría una apertura del descubrimiento de prueba para llevar a cabo las deposiciones, que dilatarían en exceso el tracto procesal del caso. Para justificar dicha dilación, la parte demandada ha expresado en su escrito en Oposición, que los múltiples casos y el que los peritos son los mismos, causaron la omisión de cumplir con lo ordenado. Es inherente a la práctica de la litigación activa, el atender múltiples casos, lo que no exime de responsabilidad para cumplir con las órdenes del Tribunal. Además, el que los peritos hayan sido utilizados por las mismas partes en diversos casos, no implica que deba tomarse livianamente la importancia de los mismos en cada caso en particular.

Conforme a lo anteriormente expresado y no habiéndose cumplido la orden del 20 de diciembre de 2021, no se permitirá la prueba pericial a la parte demandada. (Énfasis nuestro).

Inconforme, Triple-S solicitó reconsideración, sin éxito. Aun insatisfecha, acude ante nos mediante los recursos de *certiorari* KLCE202201364 y KLCE202201366.[4] En estos escritos, Triple-S alega que el foro primario cometió los siguientes errores:

Erró el Honorable Tribunal de Primera Instancia al excluir los informes periciales notificados y el testimonio de los peritos de la parte peticionaria, cuando no se ha configurado incumplimiento con los términos pautados para el proceso del descubrimiento de prueba. En la alternativa, de entender que hubo algún tipo de tardanza en la remisión de documentos, procedía la aplicación de acciones correctivas o progresivas, dirigidas a los abogados de la peticionaria y a las parte[s], en lugar de imponer una sanción drástica y desproporcionada que afecta drásticamente su capacidad de defenderse.

Erró como cuestión de derecho el Honorable Tribunal de Instancia y abusó de su discreción al implicar que además de la prueba pericial consistente en los informes periciales, la peticionaria no puede presentar los peritos como testigos en el juicio en su fondo.

El 12 de enero de 2023, Muñeki I, Muñeki II, Attenure y HRH presentaron su alegato en oposición.

---

[4] A través de una *Resolución* emitida el 20 de diciembre de 2022 consolidamos dichos recursos, a tenor con las disposiciones de las Reglas 17 y 80.1 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 17 y R. 80.1.

**Por otra parte, exponemos un resumen de los hechos pertinentes en relación con los recursos KLCE2023300076 y KLCE202300077:**

El 7 de diciembre de 2022, las partes de epígrafe presentaron en conjunto el *Informe de Conferencia con Antelación al Juicio*. El 15 de diciembre de 2022, el TPI celebró la vista de conferencia con antelación al juicio. En la audiencia, la representación legal de Muñeki I, Muñeki II y otros objetó la comparecencia del Sr. Rafael Betancourt (señor Betancourt) como testigo de Triple-S en el juicio[5]. Alegó que el referido testigo fue notificado por primera vez el 28 de noviembre de 2022, dos (2) días antes de culminar el descubrimiento de prueba. Ante esto, el foro primario le concedió un término a Triple-S para que presentara evidencia sobre la fecha de notificación del mencionado testigo.[6]

En cumplimiento con la orden del foro de instancia, Triple-S instó un escrito, en el cual alegó que la eliminación del testimonio del señor Betancourt la colocaría en un estado de indefensión, toda vez que su declaración como ajustador, analizaría la aplicación de las disposiciones de las pólizas objeto del presente pleito a la reclamación de Muñeki I, Muñeki II y otros.[7] Especificó que dicho testimonio ofrecería un valor de gran envergadura, al punto que eliminarla constituiría una lesión incalculable de sus derechos. Discutió que no se identificaba perjuicio alguno a la parte contraria por la tardanza en anunciar la prueba pericial en cuestión.

El 28 de diciembre de 2022, el TPI emitió la *Orden* recurrida y resolvió lo siguiente:

> No existiendo causa justificada para haber presentado al testigo Rafael Betancourt a dos días para finalizar el término de descubrimiento de prueba, lo que provoca

---

[5] El señor Betancourt era el ajustador externo de Triple-S y también fue anunciado en el *Informe de Conferencia con Antelación al Juicio* presentado por las partes.

[6] Apéndice del recurso KLCE202300076, págs. 157-160.

[7] Incluyó como único anejo un correo electrónico dirigido a la representación legal de Muñeki I, Muñeki II y otros, con fecha del 28 de noviembre de 2022, en el que anunciaba al señor Betancourt como testigo de Triple-S para el juicio.

que la parte demandante no haya podido realizar descubrimiento en cuanto a dicho testigo, no se autoriza la inclusión del mismo.[8]

En desacuerdo, Triple-S acude ante nos mediante los recursos de *certiorari* KLCE202300076 y KLCE202300077.[9] En estos le imputa al foro primario el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al excluir el testimonio del ajustador, Sr. Rafael Betancourt, anunciado durante el término designado para el descubrimiento de prueba, cuando no se configuró incumplimiento con ninguna orden dictada por dicho foro o alguna regla procesal aplicable al manejo del asunto, ni dicho testimonio fue objetado oportunamente por la parte recurrida en el Informe de Conferencia con Antelación al Juicio. De entender que hubo algún tipo de tardanza en la notificación del testimonio del ajustador, lo que negamos, en la alternativa procedía la aplicación de acciones correctivas o progresivas, dirigidas a los abogados de la peticionaria y a las parte[s], en lugar de imponer una sanción drástica y desproporcionada que afecta drásticamente su capacidad de defenderse.

El 16 de febrero de 2023, Muñeki I, Muñeki II, Attenure y HRH presentaron su alegato en oposición.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

Como se sabe, las Reglas de Procedimiento Civil de Puerto Rico conceden a todas las partes en un pleito el derecho a realizar un descubrimiento de prueba. Este tiene como finalidad ayudar a precisar y minimizar las controversias litigiosas; obtener evidencia que va a ser utilizada en el juicio; facilitar la búsqueda de la verdad y perpetuar la prueba relacionada a su causa. Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

Al interpretar esta figura jurídica, nuestra jurisprudencia ha expresado que este mecanismo se caracteriza por ser de alcance

---

[8] Apéndice del recurso KLCE202300076, págs. 173-174.
[9] A través de una *Resolución* emitida el 26 de enero de 2023 consolidamos dichos recursos, a tenor con las disposiciones de las Reglas 17 y 80.1 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 17 y R. 80.1.

amplio y liberal, para facilitar la tramitación de los pleitos y evitar inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021); *Berríos Falcón v. Torres Merced*, supra.

Cónsono con lo anterior, la Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V., R.34.3, faculta al Tribunal para emitir sanciones ante el incumplimiento de cualquier orden relacionada con el descubrimiento de prueba. A estos efectos, la referida regla establece que el tribunal podrá dictar todas aquellas órdenes que sean justas cuando una parte se niega a cumplir con cualquier mandato del tribunal, entre estas: "[...] [u]na orden para impedir a la parte que incumpla que sostenga o se oponga a determinadas reclamaciones o defensas, o para prohibirle la presentación de determinada materia en evidencia". 32 LPRA Ap. V. R. 34.3(b)(2).

En *Valentín v. Mun. de Añasco*, 145 DPR 887 (1998), Nuestro Más Alto Foro interpretó el alcance de la derogada Regla 34.2 de Procedimiento Civil, Ap. III, la cual es análoga a la actual Regla 34.3(b) de Procedimiento Civil, *supra*. En su interpretación el Tribunal Supremo de Puerto Rico, determinó que dicha disposición provee que un tribunal puede prohibir la presentación de determinada prueba, cuando la parte interesada en presentarla incumpla con una orden del tribunal relacionada con el descubrimiento de prueba. Específicamente, para que proceda este tipo de sanción se requiere que: 1) el tribunal haya emitido antes una orden para llevar a cabo o permitir descubrimiento de prueba, y 2) que la parte que interesa la presentación de la prueba hubiese incumplido la orden referida. *Valentín v. Mun. de Añasco*, supra, a la pág. 894. El Tribunal Supremo de Puerto Rico expresó que:

Debe tenerse en cuenta, además, que **la medida severa** de excluir del juicio el testimonio de un testigo crucial, que es **análoga a la medida extrema de la desestimación**, **sólo debe usarse en circunstancias excepcionales, en casos en los cuales la conducta de la parte sancionada ha sido contumaz o de mala fe** [...] (Énfasis Nuestro). *Íd.*, a la pág. 895.

Cabe destacar que este tipo de sanción no son muy favorecidas judicialmente y solo se justifican cuando el incumplimiento se hizo de manera intencional o cuando no haya duda de la irresponsabilidad o contumacia de la parte sancionada. *Íd.*

Nuestro ordenamiento jurídico estableció que la sanción de excluir un testigo es similar a la desestimación. Por lo tanto, es meritorio señalar que la Regla 39.2(a) de Procedimiento Civil establece el proceder del tribunal ante el incumplimiento de alguna parte a las órdenes dictadas, previa a la drástica sanción de desestimar la causa de acción. En lo pertinente, la referida regla dispone que:

(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda.

**Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.**

[...]

32 LPRA Ap. V, R. 39.2. (Énfasis nuestro).

La referida disposición desalienta la congestión de casos en los calendarios judiciales, a causa de la inacción o dejadez de las partes en el trámite de sus reclamaciones y, por el incumplimiento de dichas partes con las órdenes del tribunal. De esta manera, el tribunal tiene la potestad para sancionar de diversas formas a las partes litigantes que dilatan innecesariamente los procesos. Véase, *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714, 720 (2009).

Ahora bien, planteada una situación que amerita sanciones, el Tribunal deberá en primera instancia, imponerlas al abogado de la parte. *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 222-223 (2001). Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida. *Íd.*

### III.

### KLCE202201364 y KLCE202201366:

En los recursos de *Certiorari*[10] ante nuestra consideración, Triple-S esencialmente alega que el TPI erró al excluir los informes

---

[10] El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, ya sean procesales o sustantivos. *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478 (2019). La referida Regla dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

periciales y los testimonios de sus peritos, toda vez que no hubo incumplimiento de su parte con los términos pautados para la etapa del descubrimiento de prueba. Aduce que entregó a la parte recurrida, dentro del periodo de descubrimiento de prueba calendarizado por el tribunal, los informes periciales concernidos.[11] Argumenta que el foro *a quo* debió apercibirle e/o imponerle alguna medida previo a recurrir a la sanción drástica de excluir evidencia pericial, de conformidad con la jurisprudencia pertinente.

En su oposición, la parte recurrida razona que la notificación de los informes periciales en cuestión fue a destiempo y que con esta actuación Triple-S la dejó desprovista de los mecanismos de descubrimiento de prueba, tales como la toma de deposición y el *subpoena duces tecum*. Argumenta que no se les puede imputar responsabilidad de solicitar dichos informes, toda vez que las Reglas de Procedimiento Civil obligaban a Triple-S a notificarlos oportunamente. Al mismo tiempo, aduce que la etapa procesal en la

---

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

[11] Notificó mediante correo electrónico el 10 de noviembre de 2022.

que se encuentra el presente pleito está sumamente adelantada y permitir los informes periciales, así como el testimonio de los peritos en el juicio, conllevará un retraso innecesario de los procedimientos.

**KLCE202300076 y KLCE202300077:**

En estos recursos de *certiorari* Triple-S, alega que el TPI erró al excluir el testimonio del señor Betancourt, pues este fue anunciado antes de culminar el descubrimiento de prueba. Subraya que su anuncio no fue objetado oportunamente por la parte recurrida. Argumenta que no se justifica la actuación del TPI porque no se configuró ningún incumplimiento con alguna orden dictada por este o con alguna regla procesal aplicable. Aduce que los dictámenes impugnados impusieron una sanción drástica y desproporcionada que afectó su capacidad para defenderse.

De otro lado, la parte recurrida alega que Triple-S no aprovechó las oportunidades que tuvo para anunciar a su testigo de forma oportuna. A su vez, expone que la aseguradora concernida falló en manejar diligentemente su reclamación y, a más de cinco (5) años del Huracán María, no han podido cobrar la cuantía correspondiente para cubrir los daños sufridos producto de dicho evento catastrófico. De igual modo, arguye que, a lo largo del presente pleito, ha estado impedida de gestionar el descubrimiento de prueba de manera eficiente, a causa de la conducta dilatoria de Triple-S.

Por estar estrechamente relacionados todos los errores levantados en los cuatro (4) recursos de *certiorari* bajo nuestra consideración, procedemos a discutirlos en conjunto. Estos versan sobre asuntos relacionados al descubrimiento de prueba y el manejo del caso por parte del Tribunal.

Tras un examen minucioso y ponderado del récord, el derecho aplicable y las alegaciones de las partes, somos del criterio de que el

TPI abusó de su discreción al emitir los pronunciamientos recurridos.

Según expuesto, la sanción de excluir prueba pericial o testifical por incumplimiento de una orden del tribunal debe considerarse una tan severa como la desestimación de una demanda. Para imponerla, nuestro ordenamiento jurídico instituye que el tribunal debe cumplir con el proceso escalonado que dispone la Regla 39(a) de Procedimiento Civil, *supra*, R. 39(a). Es decir, de existir incumplimientos con las órdenes del TPI, primero procede un apercibimiento previo y la imposición de sanciones económicas a la representación legal de la parte que incumple, así como un término razonable para corregir la situación. Luego de cumplir con todo lo anterior, el tribunal está facultado a imponer la sanción drástica de excluir evidencia para el juicio de la parte que incumple.

Con relación a los informes periciales notificados por Triple-S el 10 de noviembre de 2022, el foro primario dejó establecido que la fecha límite para su entrega era el 30 de abril de 2022. Evidentemente la aseguradora lo presentó pasado el término aplicable, más resaltó que ello no fue intencional, sino producto de una inadvertencia. Ello ocasionó que el TPI no le accediera a la inclusión de dicha prueba en el caso. El tribunal fundamentó su decisión en que permitir los informes causaría una apertura del descubrimiento de prueba que atrasaría el calendario del caso. Ahora bien, previo a esa decisión, el foro de instancia no apercibió a Triple-S sobre las consecuencias de su incumplimiento con la orden para notificar los informes periciales en o antes del 30 de abril de 2022. Tampoco surge del expediente que el TPI haya impuesto una sanción económica a los abogados o haya notificado a la parte de dicha inobservancia para que esta pudiera corregir la situación, de entenderlo necesario. Esas son las medidas progresivas que provee

nuestro ordenamiento procesal civil para atender asuntos como estos.

De otro lado, el TPI denegó la inclusión del señor Betancourt como testigo de Triple-S, esto por haberse notificado a dos (2) días para finalizar el término establecido para el descubrimiento de prueba. El récord revela que, el 27 de octubre de 2022, el tribunal les concedió a las partes una extensión hasta el 30 de noviembre de 2022 para terminar dicho proceso. En esa ocasión apercibió a los representantes legales de las partes que el incumplimiento con esa directriz podría conllevar sanciones. La referida *Orden* se notificó a las partes a sus respectivas direcciones. Triple-S comunicó como testigo al señor Betancourt el 28 de noviembre de 2022. El 15 de diciembre de 2022, el TPI advirtió a Triple-S que, si no notificaba al referido testigo en un término razonable para que pudiera ser depuesto, no lo permitiría. Evaluado el expediente, entendemos que la decisión del TPI de no autorizar su inclusión fue irrazonable.

En ambas situaciones, forzoso es colegir que el foro *a quo* impuso a Triple-S la extrema y severa sanción de la exclusión de evidencia pericial y testifical para el juicio sin el debido cumplimiento a cabalidad con el proceso que provee la Regla 39.2(a) de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa. Únicamente cuando las medidas progresivas aplicables fueran infructuosas se justificaba dicho curso de acción.

Aunque el manejo del caso y la disposición de mociones pendientes son asuntos que descansan en la sana discreción del Tribunal, el marco fáctico que se nos presenta amerita nuestra intervención. Más aún, en esta etapa de los procedimientos, cuando faltan aproximadamente siete (7) meses para que comience el juicio en su fondo. Procede dejar sin efecto los pronunciamientos impugnados, con el fin de evitar un fracaso de la justicia. No surgen

del expediente situaciones extremas que evidencien conducta contumaz o de mala fe por parte de Triple-S.

Ante las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, expedimos los recursos de epígrafe y revocamos las órdenes recurridas. Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, y la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

**IV.**

Por los fundamentos antes expuestos, expedimos los recursos de epígrafe y revocamos las órdenes recurridas. En consecuencia, devolvemos los casos al TPI para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La Juez Barresi Ramos *concurre* con la disposición del presente caso. Empero, entiende que los informes periciales preparados por HAAG Engineering Co. (perito Terry C. Taylor) y HAAG Construction Consulting Co. (perito Brandon Alaniz) fueron notificados dentro del término del descubrimiento de prueba.[12'] Esto es, mediante la *Orden* decretada el 27 de octubre de 2022, el TPI autorizó una segunda extensión del descubrimiento de prueba hasta el **30 de noviembre de 2022 más no** hizo observación alguna sobre los informes periciales. Consecuentemente, su notificación por correo electrónico el 10 de noviembre de 2022 está dentro del plazo de descubrimiento de prueba. Más aún, Muñeki I, Muñeki II y otros **no** remitieron escrito alguno a Triple -S requiriendo el cumplimiento específico de la **notificación** de los informes periciales conforme a la Regla 34 de las de Procedimiento Civil de 2009 (no certificaron los esfuerzos razonables, con prontitud y de buena fe, realizados para

---

[12] En la Minuta de 20 de diciembre de 2021, entre otras cosas, el tribunal dispuso: "hasta el 30 de abril de 2022 para **rendir** el informe pericial".

resolver los asuntos del descubrimiento de prueba) como tampoco

presentaron moción a estos efectos ante el TPI.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones